■ CHARLES DITTMAR et al., Appellants, v. LUCKENBACH STEAMSHIP CO., INC., Respondent, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from so much of an order as vacated appellants' notice to examine respondent as an adverse party before trial. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ DANIEL L. FIORESE, Appellant, v. SAMUEL ROSE et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict dismissing the complaint. Appellant was alleged to have been injured when he fell on a pathway on property owned by respondents as a result of respondents' negligence in having failed to secure a loose stone on the pathway. Judgment unanimously affirmed, with costs. No more than a question of fact was presented. It was proper to tax appellant with his inconsistent statements contained in his claim for workmen's compensation (*Nappi* v. *Falcon Truck Renting Corp.*, 286 App. Div. 123, affd. 1 N Y 2d 750). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ EDWIN FISCHER, Respondent, v. PAUL THEILING, Doing Business as AIRPORT SERVICE STATION, Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict in favor of respondent. Respondent was injured when he tripped over a plank on the concrete floor of appellant's garage. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.